United States district court, district of Montana Div

Robert L Gilmore
    Plaintiff,

Mayor Paul Tuncey
Commissioner Gole Decker
Commissioner Williams Barton
Sheriff Don Bell
Under Sheriff Ben Woods
Judge DeJoeh Kim Christopher
Judge James Manely
Benjamin R. Anciaux
James Lapotka
Steve Eschenbacher
Molly Owen
Robert S Long
Jail staff
City of Polson Defendants.

civil action No. _____

civil complaint under USC 1983

jury trial demanded

MAR 03 2022
Clerk, U.S. Courts
District of Montana
Missoula Division

Robert Loe Gilmore was and is confined at the Lake county jail facility, located at 106 4th Ave East in the City of Polson State of Montana, from Nov. 10 to present.

Defendant Paul Briney is and was at all relevant times here in Mayor of the City of Polson.

Defendant Commissioner William Barron, was at all times relevant here in the commissioner of Adult Services for the City of Polson, with the responsibil

of the county jail Defendant Don Bell manages its day to day operations and executes its policies.

Defendant undersheriff Ben Woods is and was at all relevant times herein. The undersheriff superintendent of the county jail for the City of Polson. as undersheriff of the county jail defendant Ben Woods. manages its day to day operations and executes its policies;

Defendant Judge Deborah Kim Christopher and as an Individual. is and was at all relevant times. herein an employee of the county.

Defendant Judge James Manely, and as an individual, is and was at all times herein an employee of the county.

Defendant Deputy County Attorney. James Lapotka and as an individual is and was at all times relevant herein an employee of the county.

Defendant Deputy county attorney for lake county

for operating and maintaining detention penal and corrective institutions within the City of Polson including the county jail.

Defendant Commissioner Gale Decker was at all times relevant herein the commissioner of adult services for the City of Polson with the responsibility for operating and maintaining detention penal and corrective institutions within the City of Polson including the county jail.

Defendant Commissioner Steve Stanley was at all relevant times herein the Commissioner of Adult Services for the City of Polson with the responsibility for operating and maintaining detention penal and corrective institutions within the City of Polson including the county jail.

Defendant Don Bell is and was at all times herein the Sheriff Superintendent of the county jail for the City of Polson as sheriff

of civil procedure. This cause of action arose in the District of Montana, Missoula division, therefor venue is proper under 28 U.S.C. section 1391(b).

Plaintiff has no other law suits dealing with the same facts involved in this action or otherwise relating to their imprisonment.

The Plaintiff has exhausted all available administrative remedies within the Lake county jail. Grievances have been filed on several occasions may have not been responded to, anything to do with the previous suits have not been addressed.

At all relevant times here in defendants were "persons" for the purpose of 42 U.S.C. section 1983. and acted under color of law to deprive the plaintiff of his constitutional rights.

A civil claim was filed against Lake County in 1995 by Henry Larceau, Douglas Matt, Angelo Hawkins, Reynold Thompson, and Wayne Drum

and as an individual is and was at all times relevant herein an employee of the county. (Defendant Benjamin R. Anciaux.)

Defendant Deputy County Attorney Steven Eschenbacher and was at all times relevant herein an employee of the county.

Defendant Jail Staffs is and was at all relevant times herein employees of the county jail.

Defendant City of Polson is and was at all relevant times herein municipal corporation of the State of Montana.

This action arises under and is brought pursuant to 42 U.S.C. section 1983 to remedy the deprivation under color of state law, of rights guaranteed by the eighth and fourteenth amendments to the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 and 1343.

Plaintiffs claims for monetary relief are authorized by rule 65 of the federal rules

of Civel procedure. This Cause of action arose in the district of Montana, Missoula division, there for Venue is proper under 28 U.S.C. Section 1391 (B.)

Plaitiff has no other Lawsuites dealing with the same facts Involved in this action or otherwise relating to there imprisonent

The platiff has exausted all available administrative remedies within the lake County Jail. Grievances have been filed on several occassions most have not Been responded to, anything having to do with the previous Suits have not Been addressed.
At all relevant times here in Defendats were "persons" for the purpose of 42. U.S.C section 1983 and acted under color law to deprive the plaintiff of his constitutional rights.

A Civil Claim was filed against Lake County IN 1995 By, Harry Lozeau, Douglas matt, Angela Hawkins, Reynaldo Thompson, and Dwayne Brown. An Order and Judgement was issued on Oct, 11, 1992, upon joint request of the parties for the Approval and entry of a consent decree, in the following form. Having reviewed the parties aggrement and finding that is represents a fair and reasonable resolution of the issues pending among them, here Br Approve the following Consent decree, order and judgment and directs the entry there of as follows, "This consent decree shall Be ongoing in nature and Continue in full force and effect to legally Bind the parties from the date it is approval by the court regardless of wether any of the name plantiff resides in the detention Center at any given time. All Future and current Inmates of the detention Center are intended, Benificaries of this Consent decree, with full rights to petition to enforce its terms in entering into this decree defendants acknowledg that they have Carefully Considered.

(A.) the Cost of implementing this decree and (B.) The anticipated needs of Lake County in the future for Jail Space. A Contempt was filed against the Lake County Jail in 1997 and again in 1999 for not Complying with the consent and decree.

Todays date Feb. 16th, 2022 Lake County has still failed to improve the Conditions of the Jail Facility in 1999 in an Attempt to remedy problems, and despite Budgetary Cuts, the jail Budget "went way up" from $310,000 to $539,000, a Conservative estimate is $12,766,000 has been given to Lake County Jail to improve the jail facility. Where has that money been spent? It Certainly hasn't Been on the jail. The jail looks alot worse now then it did in 1996. We still are dealing with,

1.) inadequate right to practice religion
2.) inadequate medical care
3.) inadequate Access to Law Library
4.) inadequate representation By public defenders
5.) inadequate housing and over crowding
6.) inadequate fire Safety equipment and posted routes

## Relief

The plaitiff prays for relief for monetary damages, Compensatory damages, on the Ammount of $1,500 for everyday spent in Lake County Jail and punitive damages in the Ammount of $1,500,000 (one million, five hundred thousand dollars.) Dated this 16th Day of Feb. 2022 also independent audit, health inspector and be provided housing, healthcare, recreation, Access to religious Sources, fire safety measures, Legal Law Library. That adequate and up to Montana Jail standards.

X. Robert Lee Gilmore

X. Billy _____